Filed 03/12/24

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04057

| Christopher White v. Nicholas Deml |
|---|

## ENTRY REGARDING MOTION

Title:      Motion to Reconsider Decision on the Merits - Emergency (Motion: 5)
Filer:      Jill P. Martin
Filed Date: March 11, 2024

The motion is DENIED.

Petitioner seeks reconsideration of the Court's February 29, 2024 decision denying his appeal and affirming the Department's determination that he committed a significant violation of his furlough conditions and affirming the resulting furlough interrupt. Petitioner's motion focuses on the portion of the Court's decision concerning the findings that Petitioner had absconded, as that term is defined in 28 V.S.A. § 722, during his furlough. Petitioner's objection to this section is that while the Department's initial notice of suspension hearing determined Petitioner had absconded, the subsequent case staffing decision did not include this charge of absconding in its decision. Instead, the case staffing based its findings of substantial violations on Directive 430.11(f)(2), subsections (e), (f), and (b), which do not include absconding. As such, Petitioner contends that the absconding finding and evidence were beyond the Court's scope of review under 28 V.S.A. § 724.

Petitioner's motion is denied because while the Court did discuss the issue of absconding in its decision, this decision was ancillary to the Court's primary findings and conclusions. The Court based its decision to affirm Petitioner's furlough interrupt on his violations under Directive 430.11(f)(2)(b). The Court found and concluded that Petitioner's violations corresponding to this section were significant and demonstrated that the Department did not abuse its discretion when it imposed a furlough suspension on Petitioner. These primary findings and conclusions stand independent of the portions of the decision on which Petitioner objects. Given that Petitioner's motion does not challenge or seek to set aside this primary finding, any alteration in the Court's judgment is unwarranted, and the motion to reconsider is **Denied.**

Petitioner's filing does raise a question about the scope of the Court's review under Rule 74 and 28 V.S.A. § 724. The plain language of 28 V.S.A. § 724(c) indicates that the Court is to conduct a "de novo review of the record." In this case, the agency record contained evidence and findings that Petitioner had left the state of Vermont without notice to or the permission of his probation and parole officer. That Department in the notice of suspension hearing found this action to be a violation of Petitioner's conditions of furlough concerning absconding. The action also meets the statutory definition of absconding under 28 V.S.A. § 722. While this finding was not extended to the case staffing decision, it was part of the agency record that the Court is charged with reviewing to determine whether there was an abuse of discretion in imposing the furlough interruption. While an appeal under 28 V.S.A. § 724 arises from the case staffing review and not the notice of suspension, the language governing the Court's review is broader.

There is a long-standing principle that if the record supports a decision on grounds other than what the inferior tribunal decided, then the appellate Court may consider it. See, e.g., *Housing Our Seniors in Vermont, Inc. v. Agency of Commerce & Community Development*, 2024 VT 12, ¶ 10 (noting that appellate precedent "permit us to affirm a lower court's decision 'if the record before us discloses any legal ground which would justify the result'") (quoting *In re Handy*, 171 Vt. 336, 343 (2000) (quotation omitted)). This doctrine appears to be applicable because the case staffing process from which Petitioner appealed was not an evidentiary hearing but an administrative hearing and determination of consequences. Directive 410.02 (11) (outlining the case staffing process); see also *Barber v. Vermont Department of Corrections*, Dckt. No. 21-CV-3610 (Jan 20, 2022) (Mello, J.) (outlining how the notice of suspension and case staffing process correspond to different parts of the disciplinary process).

Given that the absconding discussion in the Court's February 29th decision was not dispositive or controlling, the Court does not make an explicit ruling on whether or not Section 724 would allow the Court to consider violations adjudicated at the notice of suspension hearing but not included in the case staffing decision. The question, as the Court's discussion above indicates, may not be as straightforward as Petitioner purports. The Court is, however, reluctant to either explore this issue further or make a dispositive ruling on the issue without additional briefing. Given that the matter of Petitioner's case has been resolved, any further rulings in this matter risk becoming advisory opinions.

Therefore, the Court will not revise or alter its February 29th decision, to which Petitioner objects, but it notes that the language concerning Petitioner's absconding is not controlling. In light of the Court's other basis, the parties may treat it as obiter dicta, but the Court notes that it is not persuaded that such factual scenarios may, in fact, constitute alternative grounds of review based on the record that the Court has a statutory authority, under 28 V.S.A. § 724(c), to review and authority to use as alternate grounds in determining whether to overrule or affirm the Department's case staffing decisions.

The Motion to Reconsider is **Denied.**

Electronically signed on 3/12/2024 2:13 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge